**FILED**
**U.S. District Court**
**District of Kansas**
05/18/2026
**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

JESSE JOSEPH AICH,

    **Plaintiff,**

    **v.**                    **CASE NO. 26-3086-JWL**

STATE OF KANSAS,

    **Defendant.**

## <u>MEMORANDUM AND ORDER</u>

Plaintiff brings this pro se civil action. Plaintiff is in custody at the Reno County Correctional Facility in Hutchinson, Kansas. Plaintiff claims that he is bringing this action under "950 Constitutionality of State Statutes by Jury Trial." (Doc. 1, at 1.) Plaintiff cites K.S.A. 21-5430 and questions how he can be held liable for the actions of others. *Id*. Plaintiff states that "another would be K.S.A. 21-5705; 21-5706; 21-5716." *Id*. at 2. He also cites K.S.A. 21-5709, 21-5801, 22-3402, and 21-6304. *Id*. at 4–6. Plaintiff's claims appear to relate to his state criminal charges and he asks the Court to "decriminalize the aforementioned KSAs." *Id*. at 7. Plaintiff names the State of Kansas as the sole defendant.

On April 15, 2026, the Court entered a Memorandum and Order (Doc. 5) ("M&O") denying Plaintiff's motion for leave to proceed in forma pauperis, finding that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court examined the Complaint and attachments and found no showing of imminent danger of serious physical injury. The Court granted Plaintiff until May 15, 2026, to submit the $405.00 filing fee. The Court's M&O provides that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice." *Id*. at 3.

Plaintiff has failed to pay the filing fee by the Court's deadline.  Instead, Plaintiff filed a response to the M&O.  (Doc. 6.)  In his response, he states that the same arguments he made in Case No. 26-3072 apply regarding the filing fee, that the fees are already taken care of by the government, that he has a First Amendment right to redress grievances, and that the laws cited by the Court are mere presumptions and therefore the caselaw is mere opinions.  *Id*. at 1.  In Case No. 26-3072, Plaintiff argued that the filing fee is somehow taken care of through the Court's yearly budget and that requiring him to pay his filing fee constitutes double jeopardy.  *See Aich v. Kansas*, Case No. 26-3072-JWL, Doc. 5 (D. Kan.).  The Court found in that case that:

> The Court cited the statutory authority for requiring Plaintiff to submit the filing fee—28 U.S.C. § 1915(g). The Tenth Circuit "has already upheld the constitutionality of 1915(g) against due process, equal protection, and access to the courts challenges." *Burghart v. Corr. Corp. of Am.*, 350 F. App'x 278, 279 (10th Cir. 2009) (unpublished) (citing *White v. Colo.*, 157 F.3d 1226, 1232–35 (10th Cir. 1998)); *see also Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001) (finding that the court in *White* held that ifp status in a civil case is not a fundamental right and that § 1915(g) "is rationally related to the legitimate end of deterring frivolous and malicious prisoner lawsuits") (quoting *White*, 157 F.2d at 1233–34).

*Id*. at Doc. 9, at 2.  The Court rejects the arguments in this case for the same reasons they were rejected in Case No. 26-3072.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'"  *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)).  "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met."  *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).  "In addition, it is well established in this circuit that a district court is

2

not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to pay the filing fee by the deadline set forth in the Court's order. As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**Dated May 18, 2026, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**